Roosevelt MOSLEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46229–46233.

Court of Criminal Appeals of Texas.

May 16, 1973.

Tom A. Boardman and Don Wilmarth, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Appellant was convicted upon separate indictments of five offenses of robbery

committed during a period from January 9 through 16, 1972. In response to a written motion and the holding of this Court in Jones v. State, Tex.Cr.App., 480 S.W.2d 623, all five cases were consolidated and heard together; the punishment, ninety-nine (99) years in each case. No effort was made to cumulate the sentences.

■ Appellant's first ground of error challenges the sufficiency of the evidence.

His two-sentence assertion that the evidence is insufficient to support the conviction, not supported by citation of authority or discussion, does not properly raise the contention. Article 40.09, Section 9, Vernon's Ann.C.C.P. However, we have examined the record and find the evidence sufficient to support the conviction. Ground of error number one is overruled.

■ Ground of error number two is that the photographic identification procedure employed in three of the above causes was so impermissibly suggestive that it gave rise to the likelihood of misidentification.

In reference to the first case, Alice Carr testified, without proper objection, that she identified appellant in a lineup and later was shown two pictures, one of which was of appellant wearing a hat. In the T. W. Brown case, Brown testified, without objection, that the police brought him nine pictures, three each of three different men, all of black males about appellant's shade of color and age, from which he identified two pictures of appellant. Regarding the Baxter case, Baxter identified appellant, without objection, from pictures of five black males. This identification was conducted by the prosecutor on the morning of the trial. All three testified that they had ample opportunity to observe appellant during the commission of the offense and that their earlier identification did not aid them in identifying appellant at the trial. In each case the trial judge conducted a hearing outside the presence of the jury in accordance with the opinion of this Court in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, and dictated his findings in the record.

In Johnson v. State, Tex.Cr.App., 462 S.W.2d 955, where a witness was shown two pictures of the appellant on the day of trial, we quoted Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, in which the Court concluded:

" . . . we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Nothing appears suggestive about the manner in which these pre-trial identifications here in question were conducted. See also Williams v. State, Tex.Cr.App., 477 S.W.2d 885; Ward v. State, Tex.Cr. App., 474 S.W.2d 471.

Ground of error number two is overruled.

■ Ground of error number three, presented without citation of authority, is that the court erred in admitting confessions by appellant in two of the cases. In his brief on appeal he contends he cannot read or write and that the contents of the confession should have been read to him at the time he signed them. During trial appellant's only objection to the confessions was that he was not properly warned of his rights before he gave the confessions.

The court conducted a hearing in the absence of the jury on the issue of the voluntariness of the confessions. Officer T. C. Sewell, who took the confessions, testified he apprised appellant of his rights under Article 38.22, V.A.C.C.P., that he took down appellant's confessions and then had them typed, that the typed confessions were the same as the oral confessions, and that

he gave the confessions to appellant to read before appellant signed them.

Appellant, testifying at the hearing, stated that he had never seen the officer who had testified, but that he signed the confessions because two other officers told him that they would drop some other cases against him if he would confess. He also testified that he could read and that he signed the confessions. The court did not err in entering findings that confessions were voluntarily given.

Ground of error number three is overruled.

Appellant's last ground of error is that the trial court erred in refusing to charge the jury on the voluntariness of appellant's confessions. Appellant did not testify before the jury and no issue requiring resolution by the jury was raised. Dunlap v. State, Tex.Cr.App., 462 S.W.2d 591. The two stereotype objections interposed in this trial do not require the submission of such an issue. Cf. Harris v. State, Tex.Cr.App., 465 S.W.2d 175.

Finding no reversible error, the judgment is affirmed.