Arthur Lee PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48515.

Court of Criminal Appeals of Texas.

June 26, 1974.

Rehearing Denied July 17, 1974.

George M. Kelton, Odessa, for appellant.

John Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted for robbery by assault and convicted by a jury which set his punishment at 99 years' imprisonment.

Early in the morning of March 7, 1973, a man entered the grocery store of Eldon H. Maney in the City of Odessa. He had a snub-nosed pistol in his hand which he aimed at Mr. Maney. Although Maney testified that no words were spoken at the time he "knew" that it was a robbery and the man with the pistol wanted his money. He went to the cash register, took out the contents of the machine (about $350) and handed it to the robber. Maney was then shot by the robber, two bullets penetrating his skull. The robber, again without speaking, then turned and shot Susie Molinar, a clerk in the store, and went out the front door of the store with the money. Appellant was apprehended a short distance from the store soon after the robbery. At that time he had no weapon in his possession and only $140 in currency which was secreted in his underwear.

Upon the trial both Maney and Mrs. Molinar were positive in their identification of appellant as the robber who shot them while he was taking the money from the store. Appellant testified to a bizarre story which the jury did not accept, this being an abbreviated version of his testimony: He said that he drove to the store in an automobile driven by one Charley Garrett with Mrs. Doris Cephus as a passenger in the back seat. The car stopped in the alley behind the store. The purpose of going to the store, according to appellant, was for Doris "to meet a dude" known to appellant only as "Skipper." Appellant said that he got out, went into the store to purchase a package of cigarettes and heard shots therein about the time he opened the door; that "Skipper" was inside the store with money in one hand and a pistol in the other; that "Skipper" point-

ed the gun at him but that he succeeded in taking it away from him. "Skipper", according to appellant, then ran out of the back of the store and has not been seen nor heard of since. We continue appellant's version: He ran back to the car and found that Garrett had departed but Doris Cephus was in the driver's seat ready to go; they drove a few blocks and appellant got out of the car after giving Doris a .38 caliber pistol which he had in his pocket. He also disposed of the .22 caliber pistol which he claimed to have jerked away from "Skipper" before his arrest some thirteen minutes after the robbery.

Appellant's description of "Skipper" was very general but, on cross-examination, he admitted that a more detailed description fitted his own appearance rather closely. He explained that the money found in his drawers was from wages earned plus his gambling winnings of the previous night; and, further, when gambling, he kept his money in his underwear.

The Court's charge, which comes to us without objection, submitted robbery by assault, and the jury took but a short while to return their verdict of guilty as charged.

Now, this Court, having "the largest case load of any other state appellate court in the United States",[1] is confronted with an appellate brief urging sixty-eight grounds of error. This is an incredibly large number considering the relative simplicity of the fact structure of the case and the shortness of the trial.

This Court has never failed to give full attention to any ground of error, presented in accordance with the statutory and decisional rules governing appellate briefs, urged by one convicted of crime in Texas; nor will the increasing case load of the Court lessen our efforts to review carefully each appeal so that the lawful rights of all appellants may be protected. However, it is well to point out to appellant's counsel in this case, and to the bar in

---

1. See "Appellate Delay in the Criminal Courts of Texas," K. Todd, 37 Tex.B.J. 454 (May 1974).

general, that the right of appellate review extends *only* to complaints presented in accordance with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., as authoritatively construed by this Court. Even as to such grounds so presented, the quality of presentation rather than the quantity is more effective.

Each of the members of this Court has had occasion in recent years to follow the general rule of long standing: A ground of error making no definite reference to the record, and which is unsupported by argument and authorities, is not entitled to consideration under Art. 40.09, Sec. 9, V.A.C.C.P. Such a ground of error, under the universal holdings of this Court, presents nothing for review. A few of the authorities so holding are cited in the footnote following the names of the authors.[2] There has been no departure from this rule by any of the Commissioners and we forego a detailed analysis of their opinions following the well-trodden path of the members of the Court.[3]

■ Although we are not impressed with the form or content of appellant's brief, we will consider those grounds of error upon which principal reliance is placed. At the outset, from our review of the evidence as stated above, we overrule grounds of error number one contending that the evidence is insufficient to sustain the conviction and number twenty-six claiming error in overruling appellant's motion for an instructed verdict at the close of the evidence. The evidence was sufficient to sustain the conviction.

■ In ground of error number two, appellant complains of the action of the trial court in overruling his motion for a change of venue. Our record discloses

that there had been a substantial amount of publicity in the news media concerning the details of the alleged crime contemporaneous with the occurrence and arrest of appellant. He filed his motion for a change of venue which was controverted by the State and a lengthy hearing was held. Appellant advances no facts or argument in support of the alleged error other than the pretrial publicity. We are not even advised that appellant exhausted his peremptory challenges.[4] We find no error in overruling the motion to change of venue. The question was considered exhaustively in Creel v. State, 493 S.W.2d 814, 820 (Tex.Cr.App.1973), which governs our disposition of this ground of error.

Appellant's 52nd ground of error, presented without any statement of facts, argument, or supporting authority, is a conclusory allegation that he is entitled to a new trial because he was arraigned after the jury had been selected and impanelled. Nothing is presented for our review because of a lack of compliance with the requirements of Art. 40.09, Sec. 9, V.A.C.C.P. Frazier v. State, fn. 2 supra; Hall v. State, 492 S.W.2d 512, 514 (Tex.Cr.App. 1973); Mason v. State, 495 S.W.2d 248, 250 (Tex.Cr.App.1973).

■ Moreover, the ground of error is an incorrect statement of the law. The indictment was returned on March 27, 1973, while the trial began, with appellant being represented by retained counsel, on June 26, 1973. The arraignment was timely even if after the jury was selected and impanelled. Art. 26.03, V.A.C.C.P. Cf. Barnes v. Beto, 247 F.Supp. 435 [(S.D. Tex., 1964); affirmed, 353 F.2d 208 (5th Cir. 1965); cert. denied, 383 U.S. 920, 15 L.Ed.2d 675, 86 S.Ct. 918 (1966)].

---

2. Presiding Judge *Onion*: Hayes v. State, 484 S.W.2d 922, 924 (Tex.Cr.App.1972); Judge *Morrison*: Mosley v. State, 494 S.W. 2d 557, 558 (Tex.Cr.App.1973); Judge *Douglas*: Cortez v. State, 487 S.W.2d 138, 139 (Tex.Cr.App.1972); Judge *Roberts*: Daniel v. State, 486 S.W.2d 944, 948 (Tex.Cr.App. 1972); Judge *Odom*: Frazier v. State, 480 S.W.2d 375, 381 (Tex.Cr.App.1972).

3. Many other authorities are cited in West, Texas Digest, Criminal Law, key number 1130(5), to which we refer.

4. The jury list found in our record indicates that a jury was selected from the first 22 names appearing thereon.

Appellant has ten grounds of error complaining of statements made by the district attorney during the voir dire examination of the jury. Even though the grounds are insufficiently presented to require detailed analysis, an examination reveals no error.

The first series of grounds complains of the prosecutor describing the serious wounds received by Maney and Molinar when they were shot by appellant during the course of the robbery. The State could prove upon the trial that the two victims had been shot during the robbery and the nature and extent of their injuries. Fields v. State, 160 Tex.Cr. 498, 272 S.W.2d 120, 122 (1954); Levell v. State, 453 S.W.2d 831, 832 (Tex.Cr.App.1970); Jackson v. State, 486 S.W.2d 764, 767 (Tex.Cr.App.1972); Dickson v. State, 492 S.W.2d 267, 272 (Tex.Cr.App.1973).

Our review of the action of the trial court in controlling the interrogation of prospective jurors on voir dire examination is only to ascertain whether the court abused its discretion. Jett v. State, 489 S.W.2d 101, 102 (Tex.Cr.App.1972). Since the prosecutor could, and did, offer evidence upon the trial of the injuries sustained by the victims, it was not an abuse of discretion on the part of the trial court to permit the jurors to be interrogated on the subject. Cf. Reeves v. State, 491 S.W.2d 157, 161 (Tex.Cr.App.1973). Grounds four, five, and six reflect no error.

Six of the grounds of error [Nos. 54, 55, 56, 58, 59, and 60] relate to statements made by the prosecutor to the entire panel on voir dire without any objection having been made by appellant. No error is revealed. An objection to conduct of the prosecutor made for the first time in an amended motion for new trial cannot be considered. Olson v. State, 484 S.W.2d 756, 759 (Tex.Cr.App.1969). In the absence of a timely objection, with an opportunity for the trial court to take protective action, nothing is presented for review. Cf. Hendrix v. State, 474 S.W.2d 230, 233 (Tex.Cr.App.1971); Jackson v. State, 501 S.W.2d 660, 662 (Tex.Cr.App.1973).

In one other instance [Ground No. 57], appellant's objection was sustained, the jury instructed to disregard the prosecutor's statement, and appellant sought no other relief. No error is shown. Dixon v. State, 506 S.W.2d 585, 588 (Tex.Cr.App. 1974).

All grounds of error addressed to alleged prosecutorial misconduct in the voir dire examination have been examined and found to be without merit. Each is overruled.

We come now to a consideration of the fifteen grounds of error relating to evidentiary rulings made by the trial court during the course of the trial. Eight of these alleged grounds are in substantially this format:[5] "A new trial should be granted herein because the court erred in permitting the testimony found on page 139 of the statement of facts herein into evidence, to-wit [at which point the alleged ground ends]." Then a few lines of testimony from the statement of facts are set out followed by a two or three sentence argument unsupported by any authority.

Seven other grounds of error relate to the admission of exhibits tendered by the prosecution and introduced in evidence.[6] The tenth ground of error—the only one which is briefed—is typical. It reads: "A new trial should be granted herein because the Court erred in admitting into evidence State's Exhibit No. 7."

We turn our attention first to ground of error No. 10 which complains of the admission of a black and white photograph of the interior of the store with splotches of what is described in the evidence as blood on the floor. Appellant

---

5. These grounds of error are numbered 7, 8, 12, 13, 18, 19, 20, and 25.

6. These grounds of error are numbered 9, 10, 11, 14, 15, 16, and 17.

argues that an assault upon Maney and Molinar having been conceded, the introduction of the photograph in question was "solely to inflame the minds of the jury."

No error is reflected in the admission of the photograph. In a line of recent cases this Court has held consistently that, "[s]o long as photographs accurately represent what they purport to depict and are logically relevant, their extreme gruesome and prejudicial character cannot make their admission in evidence amount to a denial of due process." Brown v. State, 508 S.W.2d 91 (Tex.Cr.App.1974) [No. 47,990, April 17, 1974]. Cited supporting the quotation are these cases which are dispositive of the complaint now under consideration: Byrd v. State, 495 S.W.2d 226, 227 (Tex.Cr.App.1973); Terry v. State, 491 S.W.2d 161, 163 (Tex.Cr.App.1973); Martin v. State, 475 S.W.2d 265, 267 (Tex.Cr.App.1972); Lanham v. State, 474 S.W.2d 197 (Tex.Cr.App.1971).

Moreover, as was said in Rich v. State, 510 S.W.2d 596 (Tex.Cr.App.1974) [June 5, 1974]: "A decision on the admissibility of photographs rests largely in the discretion of the trial judge." We find no abuse of discretion in the admission of the photograph in this instance.

The remaining grounds of error set out in fn. 6, supra, all relate to other black and white photographs of the interior of the store showing blood spots on the floor thereof. For the reasons set out in connection with ground of error No. 10, we find no error and each is overruled.

■ We have examined the remaining grounds of error set out in fn. 5, supra, and find no error is presented. In four instances [Nos. 7, 13, 18, and 19] no objection was made at the time the evidence was offered or the question asked. In Randolph v. State, 499 S.W.2d 311, 312 (Tex.Cr.App.1973), it was held: "Failure to object when evidence is offered precludes review by this Court. Palmer v. State, 475 S.W.2d 797, 800 (Tex.Cr.App.

1972). Having made no objections at the time, any error in admitting the testimony has been waived. Lopez v. State, 468 S.W.2d 365, 367 (Tex.Cr.App.1971)." Each ground mentioned in this paragraph is overruled.

Nor do the remaining grounds of error mentioned in fn. 5, supra, reflect error. In number eight, the objection was that the question was leading and the objection was sustained with no further relief being sought. No error is shown. Washington v. State, 484 S.W.2d 721, 724 (Tex.Cr.App.1972). Number 12, relating to "blood on the floor," referred to a photograph introduced in evidence over the general objection that the picture was inflammatory. Our discussion of ground of error No. 10 is dispositive of this complaint. Ground of error No. 25 is likewise wholly lacking in merit. The objection to a question propounded to the appellant was simply, "That was not the question." When the objection was overruled, no further relief was sought. No error appears.

■ Grounds of error Nos. 21 and 24 complain of misconduct of the district attorney during the cross-examination of appellant. Number 21 complains of this "question" propounded to the appellant:

"Q Isn't it true that you and Cephus had planned this robbery and you parked your car in the alley and you went in and shot these people, is that really what happened, of course, you are not going to admit it but isn't that what happened?

"[DEFENSE COUNSEL]: Your Honor, the side bar remarks of I know you are not going—

"THE COURT: Objection sustained."

Appellant did not ask that the jury be instructed to disregard the prosecutor's rhetorical question; instead, he sought a mistrial. No error is revealed. Von Burleson v. State, 505 S.W.2d 553 (Tex.Cr.App.1974); Dixon v. State, supra.

■ Ground of error No. 24 presents this episode: Appellant, instead of answering a question propounded to him by the district attorney, propounded his own question to the prosecutor who promptly gave an answer which appellant's counsel disliked. The Court, sua sponte, cautioned the prosecutor to refrain from the argumentative question, advised appellant to "[j]ust answer his questions," and overruled appellant's motion to instruct the jury to disregard the prosecutor's comment. Appellant's own conduct precipitated the occurrence and we do not find error in the manner in which it was handled by the trial court.

■ Ground of error No. 22 again complaint of prosecutorial misconduct. During his testimony, appellant referred to the store owner, Maney, as a "dude." The district attorney began a question: "So you left the dude [Maney] sliding down the wall. If you couldn't see the lady—" and was interrupted by appellant's counsel: "He [appellant] said Mr. Maney." The Court responded, correctly: "He referred to him as a dude. Overruled." Appellant made no objection to the Court, sought no relief, and has shown no error.

■ There is even less merit, if possible, shown by ground of error No. 23. During a colloquy between appellant's counsel and the Court, the judge simply remarked: "I don't remember the question being phrased that way." No error is presented.

■ In ground of error No. 27, appellant contends that the trial court erred in sustaining State's objections to the argument of his own counsel at the guilt-innocence stage of the trial. Before the trial began, appellant filed his application for probation in the event he was convicted, Art. 42.12, Sec. 3a, V.A.C.C.P., and the jury had been examined upon voir dire as to the probation law. Upon the first phase of the bifurcated trial, no evidence relating to probation was introduced. Appellant's counsel, in his argument at the guilt-innocence stage of the proceedings, said: "You have a boy who has signed sworn affidavits that never before has he been charged with a felony."

State's objection was sustained and the jury instructed to disregard the argument. Appellant now claims error saying: "This was proper argument." The argument was improper and the objection was sustained correctly. The issue of probation is for the jury's consideration at the punishment stage of the proceedings in the event the punishment affixed is less than ten years. Stephens v. State, 417 S.W.2d 286, 288 (Tex.Cr.App.1967); Brown v. State, 475 S.W.2d 938, 957 (Tex.Cr.App.1971).

■ In ground No. 28, appellant complains that the trial court erred in overruling his objection to argument of the State's counsel at the guilt-innocence stage of the trial. The prosecutor was arguing about the seriousness of the crime, making what has sometimes been called the "they people" argument,[7] when interrupted by appellant's counsel who said:

"[Defense counsel]: Your Honor, a general dissertation on crime is not what Mr. Green [District Attorney] is supposed to be discussing. We ask that he be confined to the facts of this particular case.

"THE COURT: Overruled."

Ordinarily such an argument is proper at the punishment stage of the proceedings, but we do not find reversible error when made at the guilt-innocence stage of the trial. In addition to Minafee v. State, fn. 7, supra, see: Langham v. State, 473 S.W.2d 515, 518 (Tex.Cr.App.1971). It was, in essence, a plea for law enforcement, a request for the jury to first find him guilty of the offense so that his punishment could then be fixed appropriately. Counsel had not only the right, but a duty to make a

7. Cf. Minafee v. State, 482 S.W.2d 273, 276 (Tex.Cr.App.1972).

proper plea for law enforcement. Phillips v. State, 450 S.W.2d 650, 651 (Tex.Cr. App.1970).

Ground of error No. 29 complains of an oral instruction to the jury. While deliberating, the jury sent a note to the trial court asking if "they need a unanimous verdict" and wanted the testimony of the two injured parties read to them. The trial judge called counsel and appellant to a conference held out of the presence of the jury, told the parties what he intended to tell the jury and asked: "Is it all right with you if I just give them this instruction rather than bring them in here and read it to them. If you want me to, I will bring them in here and read it to them." Appellant's counsel asked that the jury be brought into the courtroom and such was done. Thereupon the Court advised the jury that a unanimous verdict was necessary and that only upon disagreement among the members of the jury could the testimony of the witnesses be reproduced. Appellant made no objection of any kind to this procedure.

Neither the note nor the supplemental instruction appears to have been filed by the clerk among the papers and the instruction appears only in the court reporter's transcript of the proceedings. Appellant speaks of an "oral" instruction while the State's brief urges that the instruction was in writing and read to the jury.

All communications between the jury and the Court should be in writing and made a part of the record. Art. 36.27, V.A.C.C.P. But, this present complaint does not reflect reversible error. All members of the jury panel were present in open court and the entire transaction occurred in the presence of appellant and his counsel. Even if the instruction was oral and in contravention of the statute noted above, the record indicates that no objection was made at the time the instruction was given. Thus, there was no reversible error. Brown v. State, 487 S.W.2d 86, 88

(Tex.Cr.App.1972). Ground of error No. 29 reflects no reversible error.

Nor are we impressed with ground of error No. 30 complaining that the supplemental instruction was "fundamentally erroneous" because it advised the jury that "the law requires a unanimous verdict in criminal cases." The charge did not, as appellant contends, "assume that the jury must reach a verdict." No error is shown.

In his third ground of error, appellant complains of jury misconduct. No juror's affidavit was attached to the motion for new trial and appellant's counsel sought to explain the omission in his own affidavit attached thereto. He swore that he contacted three female jurors by telephone and each expressed some willingness to make an affidavit as to the happenings in the jury room. Thereafter, one juror declined to sign a tendered affidavit and the others refused to talk further with appellant's counsel. Appellant's counsel avers in his affidavit that the juror's refusal was based upon instructions from the district attorney that they were under no obligation to talk to counsel or to sign affidavits.

Four jurors were present at the hearing on the motion for new trial but the trial court refused to permit appellant to interrogate any juror. We find no error.

The refusal of any or all of the jurors, after their discharge, to talk to appellant's counsel or to sign affidavits relating to conduct in the jury room violates no statute and does not authorize a reversal. Taylor v. State, 420 S.W.2d 601, 608 (Tex.Cr.App.1967). But, affidavits of jurors disclosing misconduct are not an absolute sine qua non to relief. While the Court has long discouraged "fishing expeditions" in this area,[8] the procedure when affidavits are unavailable is set out in admirable detail in Stephenson v. State, 494 S.W.2d 900, 908–909 (Tex.Cr.App.1973), to

---

8. See, e. g., Mason v. State, 459 S.W.2d 855, 858 (Tex.Cr.App.1970).

which we refer. Assuming, without deciding, that appellant has brought himself within the protection of this rule of law, nevertheless no error is shown.

■ Appellant did not even *allege* true jury misconduct in his motion for new trial except in one conclusory allegation.[9] Counsel's affidavit, and the affidavit prepared for signature of one juror, went only to the mental processes of the particular juror and was in essence an attempt to impeach the verdict by explaining the reason behind his vote of guilty. A juror may not explain or impeach his verdict by showing the reason for the conclusion reached; nor are the mental processes whereby a juror reaches his verdict grounds for reversal. Adams v. State, 481 S.W.2d 884, 886 (Tex.Cr.App.1972), and cases therein cited.

■ In ground of error No. 31 appellant complains of "duplicitous and accumulative testimony" concerning appellant's reputation which was introduced by the State upon the punishment phase of the trial. After several law enforcement officers had testified that appellant's reputation was bad, appellant moved the Court to prohibit the State from offering additional testimony along the same line since he would offer no reputation evidence. The motion was overruled and several more witnesses were permitted to testify as to appellant's bad reputation. We perceive no abuse of discretion on the part of the trial court.

Under Art. 37.07, 2(b), V.A.C.C.P., evidence of appellant's general reputation is made admissible at the hearing on the punishment and, in this instance, appellant had sought probation. The witnesses professed to have knowledge of such reputation and to be qualified to give testimony. Frison v. State, 473 S.W.2d 479 (Tex.Cr.App. 1971); Nichols v. State, 494 S.W.2d 830,

835 (Tex.Cr.App.1973). Cf. Proctor v. State, 503 S.W.2d 566, 568 (Tex.Cr.App. 1974).

Moreover, a great deal of discretion is given to the trial court in controlling the number of witnesses to be heard upon any particular facet of the case. See and compare Ortega v. State, 462 S.W.2d 296, 309 (Tex.Cr.App.1970). We find no abuse of discretion.

The remaining grounds of error, and specifically Nos. 35–68, present nothing for review. The grounds of error simply refer us to the record with an argument in some instances, but in none of these grounds is a single authority, statutory or decisional, cited in support of the alleged error. Not having been presented in accordance with the rules governing briefs in this Court, no error is presented. See cases cited in fn. 2, supra.

Nevertheless, we have examined each of the so-called grounds mentioned above and find no error. It is sufficient to comment upon but a few to illustrate the lack of merit thereof. For instance, the argument of the district attorney forming the basis of No. 34 was made in response to argument of appellant's counsel. And, further, the objection of appellant was promptly sustained. No error is reflected. Bolding v. State, 493 S.W.2d 181, 184 (Tex.Cr. App.1973).

The prosecutor's remark forming the basis of No. 35 was but a paraphrase of the court's charge and reflects no error. Campbell v. State, 492 S.W.2d 956, 958 (Tex.Cr.App.1973).

Appellant assaulted two people while committing the robbery and the district attorney had occasion to mention such fact during his argument. Grounds Nos. 36, 37, 38, 39, and 40 all relate to argument which amounted to a plea for law enforcement

9. "Because the verdict returned by the jury in this case was decided in a manner other than by a fair expression of the opinion of the jurors and was arrived at in a manner not authorized by law."

and were not improper. Barrera v. State, 491 S.W.2d 879, 881 (Tex.Cr.App.1973).

Others in this series of "grounds" relate to statements of the district attorney to which no objection of any kind was made by appellant during the trial. There is nothing presented for review. Hall v. State, supra.

Having reviewed all of the sixty-eight grounds of error (although we may have omitted mention of some particular ground by number) and finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.