NO. 07-02-0058-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 27, 2003


______________________________




ALBERTO LUNA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435707; HONORABLE CECIL PURYEAR, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of not guilty, a jury convicted appellant Alberto Luna of indecency
with a child and assessed as punishment a sentence of four years confinement. In one
issue, appellant contends the trial court erred in overruling his objection "to the improper
jury argument of the State being outside the record." Based upon the following rationale,
we affirm. 

 On October 17, 2001, appellant was convicted of molesting his 11 year old
stepdaughter. Thereafter, the State and appellant presented evidence relevant to
punishment, and the parties made closing arguments. During the State's final summation,
the following exchange occurred:

 The State: Folks, I told you in voir dire that --

 The Court: One minute, Counsel.

 The State: - after the end of punishment, that was when you would
make your determination. You've looked at the full
menu now, it is time for you to make your selection. 
And, remember, there's always people who always say,
"I wish someone would do something about people who
molest children." 

 Defendant: Your Honor, I'm going to object to that as being an
improper argument, outside the record, and improper
plea for community expectations.

 The Court: Overrule. Go ahead. 

 The State: Folks, today you are they. You are the people who get
to say what somebody is going to get, what kind of
punishment a person deserves when they violate our
children in our community. You are they. Take that
responsibility, be proud of what you're doing, and be
proud of whatever verdict you come back with. He is
the only one responsible for putting this ball in motion. 
And now you're the ones that get to finish it. And we
ask that you make a fair and full consideration of
everything. Thank you. 

 The four permissible types of jury argument are: (1) summation of evidence; (2)
reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and
(4) pleas for law enforcement. McKay v. State, 707 S.W.2d 23, 36 (Tex.Cr.App. 1985),
cert. denied, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). The prosecutor may not
argue that the community or any particular segment of the community demands or expects
either a guilty plea or a particular punishment. Cf. Cortez v. State, 683 S.W.2d 419, 421
(Tex.Cr.App. 1984) (closing argument by prosecutor at punishment stage of trial in which
he stated, "the only punishment that you can assess that would be any satisfaction at all
to the people of the county would be life" was improper, as it constituted a call to the jury
to heed demands, desires, or expectations of the community). But a proper plea for law
enforcement may take many forms, one of which is to argue the relationship between the
jury's verdict and the deterrence of crime in general, or this specific type of crime. Borjan
v. State, 787 S.W.2d 53, 55 (Tex.Cr.App. 1990). 

 We conclude the prosecutor's argument was not, as asserted by appellant, "outside
the record." Neither did the argument constitute an encouragement to the jury to believe
that either the community or any particular part of the community expected or demanded
a particular punishment. Murray v. State, 861 S.W.2d 47, 54 (Tex.App.-Texarkana 1993,
pet. ref'd). Rather, the "they" argument advanced by the State in this instance is a
permissible plea for law enforcement. (1) See Burns v. State, 556 S.W.2d 270, 286
(Tex.Cr.App. 1977), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); see
also Haynes v. State, 627 S.W.2d 710, 714 (Tex.Cr.App. 1982). The State had not only
the right, but a duty to make that plea. Phillips v. State, 511 S.W.2d 22, 29-30
(Tex.Cr.App. 1974). The trial court, thus, did not err in overruling appellant's objection to
it. Appellant's sole issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.

 


 
1. With the "they" or "they people" argument, the prosecutor refers to the jury as the
"they" people when the question is asked, "why don't they do something about this?" 
Burns v. State, 556 S.W.2d 270, 286 (Tex.Cr.App. 1977), cert. denied, 434 U.S. 935, 98
S.Ct. 422, 54 L.Ed.2d 294 (1977); see also Phillips v. State, 511 S.W.2d 22, 29
(Tex.Cr.App. 1974).