NO. 07-02-0058-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 27, 2003
_____

ALBERTO LUNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435707; HONORABLE CECIL PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, a jury convicted appellant Alberto Luna of indecency with a child and assessed as punishment a sentence of four years confinement. In one issue, appellant contends the trial court erred in overruling his objection "to the improper

jury argument of the State being outside the record." Based upon the following rationale, we affirm.

On October 17, 2001, appellant was convicted of molesting his 11 year old stepdaughter. Thereafter, the State and appellant presented evidence relevant to punishment, and the parties made closing arguments. During the State's final summation, the following exchange occurred:

| | |
|---|---|
| The State: | Folks, I told you in voir dire that -- |
| The Court: | One minute, Counsel. |
| The State: | – after the end of punishment, that was when you would make your determination. You've looked at the full menu now, it is time for you to make your selection. And, remember, there's always people who always say, "I wish someone would do something about people who molest children." |
| Defendant: | Your Honor, I'm going to object to that as being an improper argument, outside the record, and improper plea for community expectations. |
| The Court: | Overrule. Go ahead. |
| The State: | Folks, today you are they. You are the people who get to say what somebody is going to get, what kind of punishment a person deserves when they violate our children in our community. You are they. Take that responsibility, be proud of what you're doing, and be proud of whatever verdict you come back with. He is the only one responsible for putting this ball in motion. And now you're the ones that get to finish it. And we ask that you make a fair and full consideration of everything. Thank you. |

The four permissible types of jury argument are: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. McKay v. State, 707 S.W.2d 23, 36 (Tex.Cr.App. 1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). The prosecutor may not argue that the community or any particular segment of the community demands or expects either a guilty plea or a particular punishment. *Cf.* Cortez v. State, 683 S.W.2d 419, 421 (Tex.Cr.App. 1984) (closing argument by prosecutor at punishment stage of trial in which he stated, "the only punishment that you can assess that would be any satisfaction at all to the people of the county would be life" was improper, as it constituted a call to the jury to heed demands, desires, or expectations of the community). But a proper plea for law enforcement may take many forms, one of which is to argue the relationship between the jury's verdict and the deterrence of crime in general, or this specific type of crime. Borjan v. State, 787 S.W.2d 53, 55 (Tex.Cr.App. 1990).

We conclude the prosecutor's argument was not, as asserted by appellant, "outside the record." Neither did the argument constitute an encouragement to the jury to believe that either the community or any particular part of the community expected or demanded a particular punishment. Murray v. State, 861 S.W.2d 47, 54 (Tex.App.–Texarkana 1993, pet. ref'd). Rather, the "they" argument advanced by the State in this instance is a

3

permissible plea for law enforcement.[1]  *See* Burns v. State, 556 S.W.2d 270, 286 (Tex.Cr.App. 1977), *cert. denied*, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); *see also* Haynes v. State, 627 S.W.2d 710, 714 (Tex.Cr.App. 1982).  The State had not only the right, but a duty to make that plea.  Phillips v. State, 511 S.W.2d 22, 29-30 (Tex.Cr.App. 1974).  The trial court, thus, did not err in overruling appellant's objection to it.  Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[1]With the "they" or "they people" argument, the prosecutor refers to the jury as the "they" people when the question is asked, "why don't they do something about this?" Burns v. State, 556 S.W.2d 270, 286 (Tex.Cr.App. 1977), *cert. denied*, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); *see also* Phillips v. State, 511 S.W.2d 22, 29 (Tex.Cr.App. 1974).