NO. 07-07-0287-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 26, 2007


 ______________________________



ARMANDO DIAZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 18404-C; HONORABLE ANA ESTEVEZ, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant, Armando Diaz, appeals from his conviction for Injury to a Child and
sentence of ten years incarceration in the Institutional Division of the Texas Department
of Criminal Justice. The appellate record was due in this case by August 20, 2007. The
clerk's record was filed on August 21, 2007. The court reporter requested an extension to
file the reporter's record on September 21, 2007 and was granted an extension until
October 20, 2007. On November 8, 2007, the reporter requested another extension. 
However, the court reporter's monthly report and an accompanying letter demonstrate a
heavy work load plus several medical emergencies that could potentially affect the
timeliness of the reporter's records in several cases on appeal.

 Accordingly, we abate this appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to
be given and, thereafter, conduct a hearing to determine the following:

 1. whether the reporter's record can reasonably be filed in a manner that
does not further delay the prosecution of this appeal or have the
practical effect of depriving the appellant of his right to appeal, and


 2. whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner.


 The trial court shall cause the hearing to be transcribed. In addition, the trial court
shall (1) execute findings of fact and conclusions of law addressing the foregoing issues,
(2) cause a supplemental clerk's record to be developed containing its findings of fact and
conclusions of law and all orders it may issue as a result of its hearing in this matter, and
(3) cause a reporter's record to be developed transcribing the evidence and arguments
presented at the aforementioned hearing, if any. The trial court shall then file the
supplemental clerk's record and any reporter's record transcribing the hearing with the
clerk of this court on or before December 17, 2007. Should further time be needed by the
trial court to perform these tasks, then same must be requested before December 17,
2007.

 It is so ordered.

 Per Curiam



at all
to the people of the county would be life" was improper, as it constituted a call to the jury
to heed demands, desires, or expectations of the community). But a proper plea for law
enforcement may take many forms, one of which is to argue the relationship between the
jury's verdict and the deterrence of crime in general, or this specific type of crime. Borjan
v. State, 787 S.W.2d 53, 55 (Tex.Cr.App. 1990). 

 We conclude the prosecutor's argument was not, as asserted by appellant, "outside
the record." Neither did the argument constitute an encouragement to the jury to believe
that either the community or any particular part of the community expected or demanded
a particular punishment. Murray v. State, 861 S.W.2d 47, 54 (Tex.App.-Texarkana 1993,
pet. ref'd). Rather, the "they" argument advanced by the State in this instance is a
permissible plea for law enforcement. (1) See Burns v. State, 556 S.W.2d 270, 286
(Tex.Cr.App. 1977), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); see
also Haynes v. State, 627 S.W.2d 710, 714 (Tex.Cr.App. 1982). The State had not only
the right, but a duty to make that plea. Phillips v. State, 511 S.W.2d 22, 29-30
(Tex.Cr.App. 1974). The trial court, thus, did not err in overruling appellant's objection to
it. Appellant's sole issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.

 


 
1. With the "they" or "they people" argument, the prosecutor refers to the jury as the
"they" people when the question is asked, "why don't they do something about this?" 
Burns v. State, 556 S.W.2d 270, 286 (Tex.Cr.App. 1977), cert. denied, 434 U.S. 935, 98
S.Ct. 422, 54 L.Ed.2d 294 (1977); see also Phillips v. State, 511 S.W.2d 22, 29
(Tex.Cr.App. 1974).