Randall Edwin HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44467.

Court of Criminal Appeals of Texas.

Jan. 18, 1972.

Rehearing Denied March 1, 1972.

Charles L. Rittenberry, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of marihuana and the punishment is five years imprisonment.

The sufficiency of the evidence is not challenged, it shows appellant made a sale of marihuana to an undercover agent.

Appellant complains that a portion of the prosecutor's closing argument constituted reversible error because it was a misstatement of the law and was "a direct assertion that defendant's guilt had already been passed upon."

The portion of the argument of which complaint is made, the objection and the ruling of the trial court are as follows:

"Now, again, he said that the State wields a lot of power, and *he went through the process of the grand jury indictment; at least nine people in the past have felt that there was evidence warranting a conviction, because they returned a true bill.*

". . .

". . .

"MR. RITTENBERRY: We will object to that, Your Honor, it is a direct assertion on the finding of the grand jury constituting sufficient evidence for conviction.

"THE COURT: Sustain the objection.

"MR. RITTENBERRY: I will ask the jury be instructed to disregard the Prosecutor's remarks.

"THE COURT: Ladies and gentlemen of the jury, you are instructed to disregard the last remarks of the grand jury, and the Court will further direct your attention to Paragraph 9 of the Court's Charge and ask you to read it before your deliberations.

"MR. RITTENBERRY: Your Honor, further, in view of the Court's ruling on our objection, we would motion the Court to declare a mistrial for the prejudice injected intentionally by the prosecution in this case.

"THE COURT: The objection is overruled, the motion will be denied."

The paragraph of the Court's Charge numbered 9 to which the court referred in part reads as follows:

". . . And, in this connection, you are instructed that the indictment in any criminal action, being only a written statement of the Grand Jury of the accusation against the defendant, is no evidence, and cannot be considered as such, or as any circumstance to show or tend to show the defendant's guilt, and you cannot legally, and must not, so consider it."

The italicized portion of the prosecutor's argument was a misstatement of the law; it should not have been made, and under some circumstances might well have been reversible error. However, in light of the circumstances in this particular case and the trial court's prompt action, we cannot conclude that the argument was so obviously prejudicial as to call for reversal. Blackstock v. State, 433 S.W.2d 699 (Tex. Cr.App.1968).

The appellant received the minimum sentence provided by law for the offense with which he was charged. The trial court promptly responded to the appellant's counsel's objection and instructed the jury to disregard the argument of which complaint was made. In addition, the trial court called attention to and admonished the jury to read the written charge that the indictment constitutes no evidence of guilt. No reversible error is shown. See Gibson v. State, 430 S.W.2d 507 (Tex.Cr.App.1968); Van Skike v. State, 388 S.W.2d 716 (Tex. Cr.App.1965); see also 5 Tex.Jur.2d 657, Sec. 436.

In his remaining ground of error appellant argues that the trial court erred in failing to grant his motion to quash the indictment because the statute under which he was charged is unconstitutional. He urges that the statute is vague and uncertain in that it leaves items included within the term "narcotic drugs" which are unspecified within the statute, and that "it delegates to the federal government the power to subsequently add 'narcotic drugs' to the Texas statute by restricting them under the provisions of the Federal Narcotics Laws."

Appellant was prosecuted under Article 725b, Vernon's Ann.P.C. (1953). The pertinent parts of the statute effective at the time of the commission of the offense and at the time of trial were as follows:

"Sec. 2(a) It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug.

"Sec. 1(14) 'Narcotic drugs' means coca leaves, opium, and cannabis, amidone and isonipecaine, every substance neither chemically nor physically distinguishable from them, and opiates which shall mean any drug found to be an addiction-forming or addition sustaining liability similar to opium or cocaine, which are now or may be added subsequently, as restricted preparations under the provisions of the Federal Narcotic Laws.

"Sec. 1(13) . . . The term 'Cannabis' shall include those varieties of Cannabis known as Marihuana, Hashish and Hasheesh."

The appellant here is charged with the sale of marihuana, one of the specifically named substances, the sale of which is made unlawful. No contention is made that the appellant could not understand that the conduct for which he was prosecuted was clearly proscribed under the statute; the attack of the statute made here on grounds of vagueness is not appropriate. United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); United States v. Vuitch, 402 U.S. 62, 91 S.Ct. 1294, 28 L. Ed.2d 601, 611 (1971) (Mr. Justice White's concurring opinion). Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion Approved by the Court.