Robert Lee HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 45804.

Court of Criminal Appeals of Texas.

April 4, 1973.

John M. Groce, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Timothy E. Thompson, George McManus, J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, States Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of robbery by assault; punishment was assessed at 50 years' confinement.

Five grounds of error are alleged. The sufficiency of the evidence is not challenged.

Appellant initially contends that the trial court erred in commenting on the weight of the evidence. We are referred to that

portion of the prosecutor's argument to the jury wherein he stated:

"Ladies and Gentlemen, look at the witnesses we have presented to you and then look at the demeanor of the Defendant as he sits here asleep at the counsel table, as he sits and sleeps during the jury argument.

"MR. JOHN GROCE [DEFENSE ATTORNEY]: Your Honor, we are going to object to him pointing to the Defendant and making exclamations and emphasis towards the Defendant. He's guilty until proven—He's innocent until proven guilty.

"MR. THOMPSON [PROSECUTOR]: Your Honor, I believe the Defendant is innocent until the State proves him guilty, and I believe this is what the State has done, from the evidence presented in the case.

"THE COURT: All right, you have three minutes."

■ It is appellant's contention that when the judge said, "All right, you have three minutes," he was, in effect, agreeing with the State that they had proven their case by the evidence presented. We cannot agree. Regardless, when the statement was made, no objection was made and the prosecutor went on to conclude his argument. There is nothing to review. Gondek v. State, 491 S.W.2d 676 (Tex.Cr.App., 1973).

■ Another complaint is made in reference to the final argument stage of the trial proceedings. Defense counsel was arguing when the following colloquy occurred:

"* * * He ·[a witness to the offense] talked to people about it. And he fixed it in his mind. And when he went down there so many times in those line-ups and he got this fellow fixed in his mind—Then he has to come here and tell these gentlemen positively because he believes it—I think he believes actually

that this fellow was there. Now this fellow flat denies it.

"MR. THOMPSON [PROSECUTOR]: Your Honor, I object to that. *There is no showing the Defendant denied anything in this case.* (Emphasis added)

"THE COURT: Sustained.

"MR. CHARLES GROCE [DEFENSE ATTORNEY]: He pleaded not guilty. We pleaded not guilty for him. And it's our position and our defense that he wasn't even there."

Appellant points out that he did not take the stand during this phase of the trial. Therefore, he urges that the prosecutor's objection could only be taken as a direct comment on appellant's failure to testify, thus violating Article 38.08 of the Vernon's Ann.Texas Code of Criminal Procedure.

We conclude that the prosecutor's statement, if at all error, was completely invited. Hefley v. State, 489 S.W.2d 115 (Tex.Cr.App.1973). Also, no exception was taken to the judge's ruling nor was an instruction to disregard requested. No error is shown.

■ In his third and fourth grounds, appellant again complains of improper jury argument. The prosecutor stated:

"* * * I am trying to detail for you what law enforcement is, why it's, your part, so important. The police do their work of apprehending these robbers; the grand jurors hear the cases, and they indict the cases. As you have heard the indictment read in this case. The grand jurors of the State of Texas, saying this man did wrong and you saw the details in the indictment.

"MR. JOHN GROCE [DEFENSE ATTORNEY]: Your Honor, we are going to object to the inference cast by the State.

"THE COURT: Stay with the record, Counsel.

"MR. JOHN GROCE [DEFENSE ATTORNEY]: Let the record show that the objection is that when someone is indicted, as in this case—

"MR. McMANUS [PROSECUTOR]: Your Honor, we are going to object—

"THE COURT: Just a minute, Counsel, let him state his objections.

"MR. JOHN GROCE [DEFENSE ATTORNEY]: As instructed by the Court that an indictment is not an indication of guilt, that this man is entitled to a fair trial and this has been breached by the State's prosecutor. We object, and at this time we ask for a mistrial.

"THE COURT: Overruled.

"MR. JOHN GROCE [DEFENSE ATTORNEY]: *Note our exception.*"

We agree with appellant that the prosecutor's remark concerning the indictment was improper. We are not willing to label it reversible error however. Appellant relies upon the decision in Harris v. State, 475 S.W.2d 922 (Tex.Cr.App.1972). Such reliance is misplaced. In Harris, the prosecutor stated:

". . . and he went through the process of the grand jury indictment; at least nine people in the past have felt that there was evidence warranting a conviction, because they returned a true bill."

To this a proper objection was made and sustained and an instruction to disregard was requested and granted. This Court concluded that the argument was therefore not so obviously prejudicial as to call for reversal.

In the instant case, defense counsel was allowed to make his statement, not in the form of an objection, that an indictment is not an indication of guilt. No further instruction to that effect was sought, nor did he obtain a ruling on his initial objection. (The jury was instructed at the beginning of the trial that the fact appellant had been indicted must not be considered as a circumstance of guilt.) Defense counsel obtained all the relief he sought.

 In his final ground, appellant refers to some twelve alleged errors. We are not favored with argument or authorities. This procedure is not in accordance with Article 40.09, V.A.C.C.P., and these points will not be reviewed.

Finding no reversible error, the judgment is affirmed.