Edward ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46280.

Court of Criminal Appeals of Texas.

May 23, 1973.

Daylee Wiggins (on appeal only), Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction is for robbery by assault; the punishment, life, under Art. 62, Vernon's Ann.P.C.

On July 7, 1970, Thelma Nicholson was operating a store called the Ace Drive-In in Beaumont when a man she positively identified, both at subsequent line-up and at the trial, as Edward Roberts, the appellant, came in the store and bought a paper, grabbed her by the shoulder and turned her around, then "dipped up" the money out of the register and ran. She testified she was frightened.

Willie Thomas, who usually went by the Ace Drive-In in the mornings to get a paper, came there on the same morning and saw appellant behind the counter where he did not belong, observed him as he left the store, and upon entering the store, Thelma Nicholson was trying to dial the police because she had just been robbed. The witness went back to the door and saw appellant walking away, then he ran. Thomas positively identified appellant.

A week later, Effie Gilbert, a sister of Thelma Nicholson, who knew appellant by name, saw him pass the store. She talked to him. At that time Thelma Nicholson identified him as the man who had robbed her. Effie Gilbert told her his name, the police were called and appellant was arrested and charged. All these witnesses positively identified appellant.

Roberts did not testify, but relied on the testimony of Memphis Jackson McIntyre, an inmate brought from the jail, who testified that he, and not appellant, committed the robbery of Thelma Nicholson.

The evidence was clearly sufficient, and we overrule appellant's contrary contentions numbers one and two, which we treat as number one.

■ The second ground of error urged by appellant is that the trial court erred in not granting a mistrial because of hearsay evidence by Thelma Nicholson, the alleged victim of the robbery. She was asked by the prosecuting attorney what happened the week after the robbery. She said her sister, Effie Gilbert, who helped her at the store on Mondays, went outside the store;

that appellant walked by; that she heard a commotion and went to the door, and exclaimed, "My God, that's the man that robbed me;" that it was appellant. No objection was made to this evidence, and no motion for mistrial. Then the State's attorney asked:

"Q What did your sister do, not what did she say, but what did she do then?

"A What did she do?

"Q Yes, ma'am.

"A Well, she came back in and she said, 'well, he had robbed me before.' "

After a conference at the bench not heard or recorded by the reporter, the court instructed the jury to disregard the statement made by her sister as to what her sister explained from any consideration whatsoever.

The record does not reveal that appellant's counsel made a motion for mistrial. The answer was specifically not called for by the State, but was a voluntary statement by the witness. The court having instructed the jury to disregard, and no motion for mistrial appearing in the record, we hold that reversible error is not shown. Davis v. State, Tex.Cr.App., 430 S.W.2d 210; Harris v. State, Tex.Cr.App., 375 S.W.2d 310.

We overrule ground of error number two.

Appellant's punishment was enhanced to life because of his prior conviction for burglary with intent to commit theft, alleged in the indictment and proved at the penalty stage of the trial. It was also proved that he had been convicted of two misdemeanor theft cases in 1970, with punishment at two years in jail, and of robbery with firearms in 1964, the punishment seven and one-half years.

By his ground of error number three, appellant complains of four instances

wherein he claims the prosecuting attorney made inflammatory remarks in his jury argument. He has not complied with Art. 40.09, Sec. 9, V.A.C.C.P., because he has not set forth in his brief each ground of error separately, but in the interest of justice we will briefly review them nonetheless.

 1. Complaint is made of the State's reference to the fact that appellant had a court-appointed lawyer at the line-up and at the trial. This was within the record and did not violate any right of appellant.

2. He says that the State's attorney alluded to the failure of the defendant to testify when he said: "He says [referring to the court's charge] 'The defendant in this case has advanced an affirmative defense.' There is one person and only one person who has advanced an affirmative defense and that is McIntyre. The only person who ever came up here and said that somebody other than the defendant committed the crime was McIntyre, and McIntyre alone." No objections to this argument were made.

It does not appear from the record that appellant was the only person who could have disputed his presence at the time and place of the robbery. The witness Thomas could have so testified if appellant was not the man. If he was not there, he must have been somewhere, and the record is entirely silent as to any alibi. This argument, not being a direct reference to appellant's failure to testify, could have been applied to the failure of appellant to offer evidence as to where he was at the time of the robbery. Waddle v. State, Tex.Cr. App., 448 S.W.2d 472, quotes from Glass v. State, Tex.Cr.App., 411 S.W.2d 728, as follows:

"To constitute an indirect reference to the failure of defendant to testify, the comment must be such that it cannot reasonably be applied to the failure of

the accused to produce testimony other than his own."

The final argument complained of was when the prosecuting attorney referred to "thieves and robbers carrying off this country." Appellant elicited testimony from the witness Gilbert about drive-in groceries being prime targets for burglaries and robberies "rather frequently." Such argument was within the record and was a plea for law enforcement.

We overrule appellant's ground of error number three.

There being no reversible error in the record, the judgment is affirmed.

Opinion approved by the Court.