Eugene Lorenza GIVENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53468.

Court of Criminal Appeals of Texas.

June 29, 1977.

Rehearing Denied Sept. 14, 1977.

**200**

Rodney L. Poirot and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, David C. Schick and Winfield W. Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of voluntary manslaughter; the punishment is imprisonment for 16 years.

The review of the appellant's grounds of error does not require a full statement of facts. The evidence shows that the appellant shot and killed a man on a Dallas city street.

In each of six grounds of error the appellant complains of the prosecutor's argument. The first is that the prosecutor, at the guilt-innocence phase of the trial, argued:

"There's a lot of senseless and tragic and unnecessary killing going on in our community, and our State, and I—"

The defense counsel's objection that the argument was outside of the record was sustained and the court instructed the jury not to consider this argument. Defense counsel had elicited testimony that the appellant lived in a neighborhood where there was much violence—a "jungle"—and that most of the people who lived in that neighborhood carried guns. If the argument was not a proper plea for law enforcement, see *Roberts v. State*, 494 S.W.2d 857 (Tex.Cr. App.1973); *Knox v. State*, 487 S.W.2d 322 (Tex.Cr.App.1972); *Pogue v. State*, 474 S.W.2d 492 (Tex.Cr.App.1973), the court's instruction to the jury was sufficient to protect the appellant's rights.

Two of the appellant's complaints relate to argument made at the punishment phase of the trial. The prosecutor had asked the jury to assess punishment of imprisonment for twenty years. The two parts of the argument about which the appellant complains are:

"And that's why I say your verdict is important. Not only when you talk about rehabilitating an individual and trying to keep him off the streets but to protect the rest of us until he is rehabilitated. But also to deter—"

And also:

"If he cannot be rehabilitated it will keep him off the streets for as long as possible."

The appellant urges the prosecutor implied that the appellant would be "turned loose" when he was rehabilitated, which he says was similar to an argument condemned as an incorrect statement of law in *Hernandez v. State*, 366 S.W.2d 575 (Tex.Cr.App. 1963). The appellant also urges that the prosecutor's argument was an improper allusion to the operation of the parole law.

Compare *Marshburn v. State,* 522 S.W.2d 900 (Tex.Cr.App.1975). We do not agree with the appellant. The inference to be drawn from the prosecutor's argument was that the appellant should be placed where he could be rehabilitated and if he were not rehabilitated, society should be protected by keeping the appellant off the streets as long as possible. The prosecutor was not arguing that the appellant would gain an early release if he were rehabilitated. We also disagree that this argument was an allusion to the parole law.

■ The appellant next complains that a part of the prosecutor's argument was contrary to the court's charge, it was a misstatement of the law applicable to this case, and it limited the jury's consideration of the appellant's right of self-defense. The portion of the argument made at the guilt-innocence phase of the trial of which complaint is made follows:

"Now, Mr. Poirot has talked to some extent about this apparent danger charge that is in here. He went over it with you about ninety percent of the page and two-thirds that constitute this charge. What this charge basically handles the situation where a man comes up to you—this is hypothetical. Sticks a gun into your chest and says, 'give me all your money, I'm going to kill you'—

"[DEFENSE COUNSEL]: Your Honor, I'm going to object very strenuously. That is not the situation of that charge. That's very misleading.

"[PROSECUTOR]: Judge, he hasn't even let me finish my statement.

"THE COURT: It's a hypothetical question. Overruled.

"[DEFENSE COUNSEL]: Note our exception.

"[PROSECUTOR]: And in some manner you manage to get the drop on the individual and you kill him and lo and behold that person's gun wasn't loaded. So it wasn't a real danger. He couldn't have killed you even if he wanted to. But it appeared to you to be a real danger because you didn't know if it was loaded or not. It was apparent. You see the distinction?"

Although the robbery example used by the prosecutor may have been a poor choice, the prosecutor was attempting to explain to the jury the difference between real and apparent danger. We do not construe the argument made by the prosecutor to be a misstatement of the law contrary to the court's charge or a limitation on the appellant's right of self-defense. See *Lincoln v. State,* 508 S.W.2d 635 (Tex.Cr.App.1974).

■ The next complaint is about the following argument:

"Now, that's what the law says. Number three, not only do you have to retreat, if it's possible, but before you can use deadly force against someone else, not just physical force, but before you can use deadly force, you have to have real or apparent deadly force used against you, you see. If a person is just coming at you with his fists doubled up that's hardly good enough to feel you are about to be killed, is it?"

The court had instructed the jury on the law justifying the use of deadly force in self-defense. It is apparent that the prosecutor was attempting to explain to the jury the charge on the use of deadly force. It was not a statement of law contrary to the court's charge. See *Lincoln v. State,* supra; cf. *Hill v. State,* 518 S.W.2d 810–813 (Tex.Cr.App.1975).

■ The appellant's remaining contention relates to the argument made at the guilt-innocence phase of the trial. The prosecutor argued:

"Now, justice in a criminal case can be accomplished in a number of ways when you stop to think about it. First of all, the police department may not just refuse to take a case. They don't have to take it. They don't have to file it. A District Attorney's office does not have to accept a case. Justice can be done in that manner. A Dallas County Grand Jury can return a no bill indictment. That can do justice to a case. And myself and Mr. Scott as the Assistant District Attorneys can dismiss a case. That can do justice to it also.

"[DEFENSE COUNSEL]: Judge, I'm going to object to the implication of that argument. That's implying other factors outside of this record and it's highly prejudicial to this Defendant and it's certainly prejudicial and I object to it.

"THE COURT: I'll give you an exception on it.

"[DEFENSE COUNSEL]: Thank you, Your Honor."

The appellant argued that although the prosecutor's argument was couched in negative statements its real impact was:

"(1) The police believed Appellant was guilty because they accepted the case for filing;

"(2) The District Attorney's office believed Appellant was guilty because they accepted the case for filing;

"(3) The Grand Jury believed Appellant was guilty because they returned a true bill; and

"(4) Both prosecutors believed Appellant to be guilty because they did not file a motion to dismiss."

There was no objection until after the prosecutor had pursued the same type argument for some time. When the court did not either sustain or overrule the objection but said: "I'll give you an exception," counsel did not get a clarification of the court's ruling. There was no request that the court instruct the jury to disregard this argument. If this argument was improper an instruction would have protected the appellant's rights.

It is well known that in our system of criminal justice a certain amount of discretion in the exercise of their duties is given to the various agencies concerned with law enforcement. The prosecutor's argument was a statement recognizing these facts. See *Jimenez v. State*, 421 S.W.2d 910 (Tex. Cr.App.1968).

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge, dissenting.

The district attorney's argument that his decisions, police decisions, and the grand jury's decisions are cumulative evidence of guilt was a misstatement of the law, improper and prejudicial, preserved and reversible error.

Defense counsel objected. When the trial court said, "I'll give you an exception," what it ruled, in effect, was: that's all you're getting. When a trial judge says, "you may have your exception," he "permit[s] [the argument] to go to the jury unhampered by any caution not to consider it." Thus, the trial court ". . . in effect place[s] his sanction upon such argument." *Traders and General Ins. Co. v. White*, 320 S.W.2d 702, 705 (Tex.Civ.App.— Amarillo 1959, writ ref'd n. r. e.).

In *Fowler v. State*, 500 S.W.2d 643 (Tex. Cr.App. 1973), we reversed because of the following improper argument:

"I am certainly not going to prosecute a man that I don't feel in my own heart is guilty."

We stated that "[i]f the court had sustained the objection and instructed the jury not to consider this argument, the error might not have resulted in reversal. (Citations)." *Id.*, at 644.

In *Harris v. State*, 475 S.W.2d 922 (Tex. Cr.App. 1972), the following argument was objected to:

"Now, again, he said that the State wields a lot of power, and *he went through the process of the grand jury indictment; at least nine people in the past have felt that there was evidence warranting a conviction, because they returned a true bill.*" (Emphasis included).

Since the objection was sustained and an instruction to disregard granted, this Court held that reversible error was not present. However, we stated that "[t]he italicized portion of the prosecutor's argument was a misstatement of the law; it should not have been made, and under some circumstances might well have been reversible error." *Id.*, at 923.

In *Hall v. State*, 492 S.W.2d 512 (Tex.Cr. App. 1973), the following argument was objected to:

" \* \* \* I am trying to detail for you what law enforcement is, why it's, your part, so important. The police do their work of apprehending these robbers; the grand jurors hear the cases, and they indict the cases. As you have heard the indictment read in this case. The grand jurors of the State of Texas, saying this man did wrong and you saw the details in the indictment."

We stated that the argument was improper. But since no instruction to disregard was sought or a ruling obtained on the initial objection, "[w]e [were] not willing to label it reversible error however." *Id.*, at 514.

In *Jones v. State*, 520 S.W.2d 755 (Tex.Cr. App. 1975, Opinion on Appellant's Motion to Reinstate Appeal), the following argument was complained of:

". . . I tell you each and every one of you you are the citizens who pay me to do a job. I will tell you this, there is not one of you, not one of you on that Jury that can pay me enough money or can pay the police department enough money to try to convict an innocent man and that is what we are here about, and that is what he is insinuating. You don't do that, my job is not that important to me. I can go over there and defend them and make more money—\* \* \*

"So let me make this clear to each and every one of you, it is important, you don't pay me enough money to come here and convict an innocent man."

This language was held improper but not reversible because the majority of this Court found that the argument was invited by defense counsel. *See, Elizondo v. State*, 545 S.W.2d 453, 454–455 (Tex.Cr.App. 1976).

In the case at bar, the error was preserved. The appellant received an unfavorable ruling on his objection.

When the evidence shows that the defendant shot and killed another, prosecutors should not risk reversal of a conviction by arguing that due process of law is due process of guilt. The practice we condone may lead, in a closer case, to an innocent person being deprived of his liberty because he has been indicted.

The judgment should be reversed and the cause remanded.

PHILLIPS, J., joins in this dissent.