# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00054-CR

**Donald Gillon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 006275, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

A jury found appellant Donald Gillon guilty of delivering less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.112(a), (b) (West Supp. 2001). After finding that appellant had two previous felony convictions, the district court assessed punishment at imprisonment for twelve years. *See* Tex. Pen. Code Ann. § 12.42(a)(2) (West Supp. 2001).

The only issue presented on appeal is whether the court should have granted a mistrial after the prosecutor asked the officer to whom the delivery was made if "12 people heard evidence and voted and returned an indictment." Appellant's objection was sustained before the question was answered. The court instructed the jury to disregard the question but overruled appellant's motion for mistrial.

A mistrial is a device used to halt proceedings when error has occurred that is so prejudicial that continuing the trial would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). The asking of an improper question will seldom call for a mistrial because,

in most cases, any harm can be cured by an instruction to disregard. *Id*. A mistrial is required only if the improper question is clearly prejudicial to the accused and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Id*. The denial of a mistrial is reviewed for an abuse of discretion. *Id*.

While the prosecutor's question was improper, it was not so improper as to suggest the impossibility of curing the harm by instruction. *See Harris v. State*, 475 S.W.2d 922, 923 (Tex. Crim. App. 1972) (jury argument that indictment was evidence of guilt cured by instruction). We further note that the court told the jury in its charge that the indictment was not evidence and that the reading of the indictment was not to be considered as a fact or circumstance against appellant during deliberations. No abuse of discretion is shown.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 8, 2001

Do Not Publish

2