NO. 07-02-0398-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 26, 2004



______________________________




IN THE MATTER OF THE MARRIAGE OF



JAMES D. DURHAM, JR. AND DEBORAH LYNN DURHAM



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 63,046-D; HONORABLE GORDON GREEN, JUDGE



_______________________________



Before JOHNSON, C.J. and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Deborah Lynn Durham Marino appeals from the final decree divorcing her from
James D. Durham and, also, from the trial court's rulings on cross-motions for enforcement
of the decree. We dismiss her appeal as to the decree of divorce for want of jurisdiction. 
The remainder of her appeal is abated and remanded for clarification of the trial court's
orders. 

 

BACKGROUND

 On November 8, 2001, a decree of divorce was signed in the divorce proceeding
between Deborah Lynn Durham (now Deborah Lynn Marino) and James D. Durham. A
motion for new trial was timely filed and ruled upon. The record reflects no decree of
divorce, or amended decree, other than the decree of November 8th. Nor does the record
reflect a notice of appeal from the decree. Motions for enforcement and pleadings filed by
Marino during the months following entry of the November 8th decree did not question the
finality of that decree, but rather sought enforcement of it. In addition to seeking
enforcement of the decree by her motions, Marino also claimed damages resulting from an
alleged assault by Durham and sought the value of certain property which Durham
allegedly concealed during pendency of the divorce. 

 On July 1, 2002, the trial judge signed separate orders ruling on Marino's motion for
enforcement and on Durham's motion for enforcement. The order on Durham's motion
contained a Mother Hubbard clause stating that, "All relief requested and not expressly
granted is denied." The order on Marino's motion did not contain a Mother Hubbard clause. 
The order on Marino's motion specifically referenced Marino's affirmative claims for (1)
additional property and damages, (2) damages for assault by Durham, and (3) partition of
property. The order stated that the claims would not be heard "in this proceeding." 
Following entry of the July 1st orders, Marino filed a motion seeking either modification of
the orders or a new trial. The motion was not acted upon by the trial court and she
proceeded to file notice of appeal specifying that she was appealing from the two orders. 

 Appearing on appeal pro se, Marino presents three issues. Her first issue
challenges the validity of the November 8, 2001 decree of divorce; her second issue
challenges the July 1, 2002 order on Durham's motion for enforcement; and the third issue
challenges the July 1, 2002 order on Marino's motion for enforcement. 

ISSUE ONE: THE DECREE OF DIVORCE In a civil case, appeal is perfected by timely filing a notice of appeal. See Tex. R.
App. P. 25.1(a). (1) To be timely, notice of direct appeal must be filed within 30 days after the
judgment being appealed from is signed, with certain exceptions. TRAP 26.1. If a motion
for new trial is timely filed, the notice of appeal must be filed within 90 days after the
judgment is signed. TRAP 26.1(a). Once the time for perfecting an appeal has passed
without an appellant timely filing documents showing a bona fide intent to appeal, an
appellate court's jurisdiction can no longer be invoked and the appeal must be dismissed. 
See Verburgt v. Donner, 959 S.W.2d 615, 617 (Tex. 1997). 

 The divorce decree signed on November 8, 2001 disposed of all parties and issues. 
It was, therefore, a final order for purposes of appeal. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 200, 205-06 (Tex. 2001); Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365
(Tex. 1985). Marino timely filed a motion for new trial as to the decree. Her only notice of
appeal, however, was filed on September 30, 2002. (2) The notice of appeal was not timely
to perfect appeal from the decree, and we do not have jurisdiction to consider the merits
of the appeal as to the decree. The appeal as to the November 8, 2001 decree of divorce
will be dismissed for want of jurisdiction. 

ISSUES TWO AND THREE: 

THE MOTIONS FOR ENFORCEMENT


 To be a final judgment from which an appeal may be taken, the judgment must
dispose of all parties and all issues in the case. See Lehmann, 39 S.W.3d at 200, 205. 
Whether a judicial decree constitutes a final judgment must be determined from its
language and the record in the case. Id. at 205-06. The inclusion of a Mother Hubbard
clause-the statement, "all relief not granted is denied," or essentially those words-is not
conclusive indication that a judgment is final for purposes of appeal. Id. at 203-04. If the
record reveals the existence of parties or claims not mentioned in the order, the order is not
final. Id. at 206. 

 Marino and Durham filed post-decree cross-motions under the original cause
number for enforcement of the divorce decree provisions. The motions were heard at the
same time, but were ruled upon via separate orders dated July 1, 2002. Under the
circumstances, we consider and construe the orders together. In doing so, it appears that
all parties and claims were mentioned in the orders, but we cannot discern whether the trial
court intended the two orders to dispose of all claims, including Marino's claims for recovery
of property and funds, damages, assault by Durham and partition of undivided property;
whether Marino's claims were intended to, in some manner, be severed; or whether the trial
court intended to dispose of all claims except Marino's referenced claims, which the trial
court intended to hear at another time. In other words, in reviewing the July 1st orders, we
cannot determine whether the trial court intended the orders, in combination, to be a final
disposition for purposes of appeal. See id. at 200, 206. 

 Accordingly we will abate that part of the appeal which challenges the trial court
orders of July 1, 2002 and will remand to the trial court for clarification as to whether those
orders were intended to dispose of all pending parties and claims. See id. at 206.

CONCLUSION AND ORDER

 That part of Marino's appeal which challenges the decree of divorce dated
November 8, 2001 is dismissed for want of jurisdiction. 

 We abate Marino's appeal from the orders dated July 1, 2002 and remand as to
those orders. The trial court is directed to give such notice to the parties and hold any
hearings necessary, and to enter an order clarifying whether the court intended its orders
dated July 1, 2002 to comprise a final disposition of all parties and claims. Absent request
by the trial court for an extension of time, the trial court is directed to cause any hearings
held to be transcribed and to cause the transcription of such hearings, if any, together with
the trial court's clarification order and any other papers or proceeding records the trial court
deems appropriate, to be included in a supplemental transcript and cause the supplemental
transcript to be filed with the appellate clerk no later than November 16, 2004.

 Per Curiam 
1. 
"" 
2. 
 



 at the time the outcry statement is made. See
Harvey v. State, 123 S.W.3d 623, 627-29 (Tex.App.-Texarkana 2003, pet. ref'd). The
evidence is uncontradicted that the charged offenses in the underlying cases occurred when
both victims were older than 12. Thus, we conclude article 38.072 does not apply and
Jacqueline's testimony was not admissible as outcry evidence. (2) 

 The State contends appellant waived his complaint. When Jacqueline was testifying
defense counsel lodged the following objection, "Your, Honor, I'm going to object at this
point unless this witness has been identified as the outcry witness. This is a hearsay
statement." Appellant's complaint on appeal is improper application of article 38.072 due
to the victims' ages. We agree the complaints are not similar, but a general hearsay
objection is sufficient to preserve a complaint that proffered outcry statements are
inadmissible hearsay. See Lankston v. State, 827 S.W.2d 907, 910-11 (Tex.Cr.App. 1992);
Mosley v. State, 960 S.W.2d 200, 203 (Tex.App.-Corpus Christi 1997, no pet.). 

 The State suggests by footnote that the victims' hearsay statements may have been
admissible under Rule 803(24) of the Texas Rules of Evidence as statements against
[social] interest. We acknowledge that a trial court's ruling on admissibility of evidence will
be sustained if it is correct on any theory of law even if the wrong reason is given; Harvey,
123 S.W.3d at 630; however; a less burdensome analysis is to resolve appellant's complaint
by conducting a harm analysis on improper admission of the statements. 

 Improper admission of hearsay evidence is non-constitutional error reviewed for harm
under Rule 44.2(b) of the Texas Rules of Appellate Procedure. Johnson v. State, 967
S.W.2d 410, 417 (Tex.Cr.App. 1998). See also Dunn v. State, 125 S.W.3d 610, 614-15
(Tex.App.-Texarkana 2003, no pet.). We disregard the error as harmless if it does not affect
appellant's substantial rights.  See Tex. R. Evid. 103(a). Error in admission of improper
outcry statements is harmless when other properly admitted evidence establishes the same
facts. Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App. 1999), cert. denied, 528 U.S. 956,
120 S.Ct. 384, 145 L.Ed.2d 300 (1999); Thomas v. State, 1 S.W.3d 138, 142
(Tex.App.-Texarkana 1999, pet. ref'd). 

 Jacqueline's testimony concerning the victims' statements was vague regarding the
specific acts of sexual abuse. It established how the abuse surfaced when A.C. realized
appellant might be committing acts against her younger sister, B.C. A.C. recounted the
abuse she suffered to B.C., which caused her to become extremely upset. B.C. went to the
diner where Jacqueline worked and confided that appellant had touched her private parts
inappropriately. Jacqueline telephoned A.C. to come to the diner and discuss the matter. 
After more details were disclosed, Jacqueline called the victims' mother and the sheriff. 

 More explicit facts were testified to by A.C. and B.C. than those offered by
Jacqueline. A.C. testified that appellant began molesting her by rubbing her arms, stomach,
and private parts both over and under her clothes. He also penetrated her with his finger. 
When she was 13 he began rubbing her and then said he wanted to try something else that
would not hurt her. He pulled her pants and underwear down and laid on top of her and had
sexual intercourse with her. She testified she was scared and that appellant required her
to have sex with him as a condition of being allowed to see her boyfriend.

 B.C. testified she began to fear appellant when she was in the fourth grade. He
would repeatedly ask to see her breasts and check for pubic hair growth. He heeded her
refusals until she was 14 when he threw her down on her bed and forcibly penetrated her
with his finger. Given the testimony of A.C. and B.C., Jacqueline's testimony is rendered
harmless. Point of error two is overruled. 

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice


Do not publish.







 
1. Service of an indictment is not evidence of guilt. See Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon Supp. 2004-05). See also Harris v. State, 475 S.W.2d 922, 924
(Tex.Cr.App. 1972).
2. Our conclusion pretermits a discussion of appellant's complaint that he was denied
a reliability hearing under section 2(b)(2) of the statute. Moreover, appellant did not object
to the trial court's failure to conduct a reliability hearing, which is a prerequisite for appellate
review. Diaz v. State, 125 S.W.3d 739, 743 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd).