NO. 07-03-0129-CR


NO. 07-03-0130-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 5, 2006



______________________________




TIMOTHY LAWRENCE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 32,672-C & 32,670-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ON REMAND FROM THE COURT OF CRIMINAL APPEALS


 By opinion dated March 29, 2005, we dismissed appellant Timothy Lawrence
Moore's appeals based on the trial court's certifications that the cases were plea bargain
cases with no right of appeal. On appellant's petition for discretionary review, the Court
of Criminal Appeals remanded the case for further consideration in light of its recent
decision in Hargesheimer v. State, 182 S.W.3d 906 (Tex.Cr.App. 2006). (1) 

 Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred
adjudication in cause number 32,672-C for burglary of a habitation with intent to commit
theft and in cause number 37,670-C for aggravated robbery and placed on community
supervision for six years and ten years plus $2000 restitution, respectively. The State filed
motions to revoke alleging numerous violations of the conditions of community supervision,
including commission of a new offense. Appellant pled true to all but one allegation-the
new offense--and after hearing evidence, the trial court adjudicated him guilty of the
original offenses and assessed punishment at 40 years confinement.

 Presenting four issues, appellant maintains the trial court abused its discretion in
assessing punishment based on hearsay and information not in the record and subject to
confrontation and cross-examination. Although article 42.12, section 5(b) prohibits a
defendant from appealing a trial court's decision to adjudicate guilt, an appeal from post-adjudication proceedings is not foreclosed by the statute. However, any complaints
regarding post-adjudication proceedings must be preserved for review. See Tex. R. App.
P. 33.1(a). See also Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

 During the adjudication phase, appellant testified to the facts of the 1988 aggravated
robbery with a firearm that resulted in the death of James Gilstrap. Appellant and another
party were involved; appellant, however, did not pull the trigger. During the punishment
phase, the deputy who investigated the 1988 offense testified that appellant was charged
with either murder or capital murder, (2) but the offense was dismissed in exchange for his
guilty plea to aggravated robbery.

 The State presented punishment evidence, and although appellant testified at the
adjudication phase, he did not present any other evidence during the punishment phase. 
Following imposition of the 40-year sentence by the trial court, appellant stated, "I can't
believe a man can come in here and in 30 minutes, and something's [sic] that's taken over
14 years and he and [sic] I get punished this way." No objection, however, was lodged to
the trial court's sentence. 

 Assuming, arguendo, that appellant's comment can be interpreted as preserving a
complaint of the trial court's decision, assessment of punishment is within the discretion
of the trial court. A sentence imposed within the range of punishment established by the
Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79
(Tex.App.-Eastland 1996, pet. ref'd). Aggravated robbery is a first degree felony. See
Tex. Pen. Code Ann. § 29.03(b). Burglary of a habitation is also a first degree felony. See
§ 30.02(d). A first degree felony carries a sentence of life or any term of not more than 99
years or less than 5 years. § 12.32(a). We conclude the trial court did not abuse its
discretion in assessing punishment at 40 years confinement. Issues one through four are
overruled.

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. The Court held that a trial judge must check the box on the certification form
indicating the case "is not a plea-bargain case, and the defendant has the right of appeal." 
Hargesheimer, 182 S.W.3d at 913. However, article 42.12, section 5(b) of the Texas
Code of Criminal Procedure will continue to prohibit the appeal of the trial court's decision
to adjudicate guilt. Id.
2. The officer could not recall the exact charge and did not have the warrant before
him. 



">A brief discussion ensued on whether service of the indictment had been waived because
it had not been raised during pretrial hearings. Counsel objected to any prior hearings on
the ground he was not representing appellant at that time. No objection, however, was
raised on impingement of appellant's presumption of innocence. We conclude appellant's
complaint was not preserved for appellate review. (1) Point of error one is overruled. 

 By his second point of error, appellant contends the use of hearsay statements of the
child victims by outcry witness Jacqueline Huntington was improper under article 38.072 of
the Texas Code of Criminal Procedure Annotated (Vernon 2005). Section 1 of article 38.072
provides for application of the article to a proceeding in the prosecution of an offense under
certain provisions of the Penal Code if committed against a child 12 years of age or younger. 
Specifically, appellant asserts the victims were above age 12 at the time of the charged
offenses making article 38.072 inapplicable. We agree the statute was not implicated, but
for the following reasons, overrule appellant's contention. 

 A.C. testified that when she was 11 or 12 years old, appellant began molesting her
by rubbing her private parts and digital penetration. At age 13, the abuse escalated to
biweekly sexual intercourse until she was 16. Appellant was indicted in cause number 1016
for intentionally and knowingly causing penetration by his sexual organ of A.C.'s sexual
organ. He was not, however, indicted for acts of indecency with her or penetration by his
finger when she was 12 years of age or younger.

 B.C.'s testimony reflects that when she was ten or 11 years old, appellant began
touching her inappropriately and would frequently ask if he could see whether her breasts
were developing and whether he could feel her vaginal area for pubic hair growth. She
began to fear appellant and refused his advances. When she was 14 and refused to
cooperate, appellant threw her down on her bed with enough force to break it, secured her
hands over her head with one of his hands, and with his free hand pulled her shorts and
underwear down and inserted his finger into her vagina. He was indicted in cause number
1017 for intentionally or knowingly causing penetration of B.C.'s sexual organ by means of
his finger, but was not indicted for indecency with her for incidents that occurred when she
was 12 years old or younger.

 Both victims confided the acts of sexual abuse to Jacqueline Huntington and she was
designated as an outcry witness under article 38.072. An outcry witness is the first adult to
whom the child victim makes a statement about the offense. See Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(a)(2). An outcry statement is an exception to the hearsay rule of
exclusion. Dorado v. State, 843 S.W.2d 37, 38 (Tex.Cr.App. 1992) (en banc). 

 Article 38.072 applies to prosecutions of certain offenses committed against a child
12 years old or younger. The victim's age when the offense is committed triggers whether
the statute will apply, not the victim's age at the time the outcry statement is made. See
Harvey v. State, 123 S.W.3d 623, 627-29 (Tex.App.-Texarkana 2003, pet. ref'd). The
evidence is uncontradicted that the charged offenses in the underlying cases occurred when
both victims were older than 12. Thus, we conclude article 38.072 does not apply and
Jacqueline's testimony was not admissible as outcry evidence. (2) 

 The State contends appellant waived his complaint. When Jacqueline was testifying
defense counsel lodged the following objection, "Your, Honor, I'm going to object at this
point unless this witness has been identified as the outcry witness. This is a hearsay
statement." Appellant's complaint on appeal is improper application of article 38.072 due
to the victims' ages. We agree the complaints are not similar, but a general hearsay
objection is sufficient to preserve a complaint that proffered outcry statements are
inadmissible hearsay. See Lankston v. State, 827 S.W.2d 907, 910-11 (Tex.Cr.App. 1992);
Mosley v. State, 960 S.W.2d 200, 203 (Tex.App.-Corpus Christi 1997, no pet.). 

 The State suggests by footnote that the victims' hearsay statements may have been
admissible under Rule 803(24) of the Texas Rules of Evidence as statements against
[social] interest. We acknowledge that a trial court's ruling on admissibility of evidence will
be sustained if it is correct on any theory of law even if the wrong reason is given; Harvey,
123 S.W.3d at 630; however; a less burdensome analysis is to resolve appellant's complaint
by conducting a harm analysis on improper admission of the statements. 

 Improper admission of hearsay evidence is non-constitutional error reviewed for harm
under Rule 44.2(b) of the Texas Rules of Appellate Procedure. Johnson v. State, 967
S.W.2d 410, 417 (Tex.Cr.App. 1998). See also Dunn v. State, 125 S.W.3d 610, 614-15
(Tex.App.-Texarkana 2003, no pet.). We disregard the error as harmless if it does not affect
appellant's substantial rights.  See Tex. R. Evid. 103(a). Error in admission of improper
outcry statements is harmless when other properly admitted evidence establishes the same
facts. Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App. 1999), cert. denied, 528 U.S. 956,
120 S.Ct. 384, 145 L.Ed.2d 300 (1999); Thomas v. State, 1 S.W.3d 138, 142
(Tex.App.-Texarkana 1999, pet. ref'd). 

 Jacqueline's testimony concerning the victims' statements was vague regarding the
specific acts of sexual abuse. It established how the abuse surfaced when A.C. realized
appellant might be committing acts against her younger sister, B.C. A.C. recounted the
abuse she suffered to B.C., which caused her to become extremely upset. B.C. went to the
diner where Jacqueline worked and confided that appellant had touched her private parts
inappropriately. Jacqueline telephoned A.C. to come to the diner and discuss the matter. 
After more details were disclosed, Jacqueline called the victims' mother and the sheriff. 

 More explicit facts were testified to by A.C. and B.C. than those offered by
Jacqueline. A.C. testified that appellant began molesting her by rubbing her arms, stomach,
and private parts both over and under her clothes. He also penetrated her with his finger. 
When she was 13 he began rubbing her and then said he wanted to try something else that
would not hurt her. He pulled her pants and underwear down and laid on top of her and had
sexual intercourse with her. She testified she was scared and that appellant required her
to have sex with him as a condition of being allowed to see her boyfriend.

 B.C. testified she began to fear appellant when she was in the fourth grade. He
would repeatedly ask to see her breasts and check for pubic hair growth. He heeded her
refusals until she was 14 when he threw her down on her bed and forcibly penetrated her
with his finger. Given the testimony of A.C. and B.C., Jacqueline's testimony is rendered
harmless. Point of error two is overruled. 

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice


Do not publish.







 
1. Service of an indictment is not evidence of guilt. See Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon Supp. 2004-05). See also Harris v. State, 475 S.W.2d 922, 924
(Tex.Cr.App. 1972).
2. Our conclusion pretermits a discussion of appellant's complaint that he was denied
a reliability hearing under section 2(b)(2) of the statute. Moreover, appellant did not object
to the trial court's failure to conduct a reliability hearing, which is a prerequisite for appellate
review. Diaz v. State, 125 S.W.3d 739, 743 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd).